IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRANDY DELOACH, Individually | ) | |
| and | ) | |
| DSD, A Minor, by and through | ) | |
| Her Mother and Next Friend, | ) | |
| BRANDY DELOACH | ) | |
| and | ) | |
| ZDD, A Minor, by and through | ) | |
| Her Mother and Next Friend, | ) | |
| BRANDY DELOACH | ) | |
| and | ) | |
| BDD, A Minor, by and through | ) | |
| His Mother and Next Friend, | ) | |
| BRANDY DELOACH | ) | |
| and | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.  1:19CV57RLW |
| | ) | |
| vs. | ) | |
| | ) | |
| SHERIFF TERRY STEVENS, | ) | |
| DEPUTY MICHAEL BIXLER, | ) | |
| SERGEANT JOSHUA JOHNSON, | ) | |
| DEPUTY THOMAS HUNTER, | ) | |
| CITY OF PORTAGEVILLE, MISSOURI, | ) | |
| OFFICER JUSTIN REDDEN, | ) | |
| CHIEF RONNIE ADAMS, | ) | |
| LIEUTENANT JOSH BOST, | ) | |
| BRENDA AGNEW, | ) | |
| LANCE STEWART, | ) | |
| LANDON NOLEN, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO**
**ADD PARTY PLAINTIFFS OUT OF TIME**

1

Comes now the plaintiff and for her Motion for Leave to Add Party Plaintiffs Out of Time states to the Court as follows:

1. Plaintiff filed this action for the wrongful death of her husband and the father of her children, John D. Deloach, deceased, pursuant to 42 USC 1983 and the Missouri Wrongful Death Statute 537.010 and 537.080 RSMo.  The decedent died while in the custody of the defendants at the Pemiscot County, Missouri Jail.

2. The decedent fathered three minor children with the plaintiff all of whom are under seven years old.

3. In late December, 2019 plaintiff's counsel located two other minor children, PRD and LSD, fathered by the decedent, ages nine and ten after counsel received a telephone message from an unrelated third party.  They reside in Towanda, Kansas and live with their birth mother, Brianne Wilder.  Ms. Wilder has executed the attached consent to act as Next Friend for the minor children if the Court grants leave to add her as a party plaintiff.  They are members of the same class of persons eligible to bring this action under 537.080 RSMo.

4. Decedent's parents, Jacqueline Deloach and Bill Deloach, were not located until the latter part of December, 2019 after counsel received a telephone message from the same a third party unrelated to this action.  Actual contact with them did not occur until January 8, 2020.  They have no permanent address or direct telephone service.  They are also members of the same class of persons eligible to bring this action.

5. The delay in locating and contacting the mother of the other children and parents

of the decedent was not the result of culpable inaction or negligence on the part of the plaintiff or counsel.  The case is set for trial the week of September 21, 2020.

    6.  537.080RSMo states:

**537.080.  Action for wrongful death — who may sue — limitation. —**
1.  Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for:

  (1)  By the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;

  (2)  If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants, who can establish his or her right to those damages set out in section 537.090 because of the death;

  (3)  If there be no persons in class (1) or (2) entitled to bring the action, then by a plaintiff ad litem.  Such plaintiff ad litem shall be appointed by the court having jurisdiction over the action for damages provided in this section upon application of some person entitled to share in the proceeds of such action.  Such plaintiff ad litem shall be some suitable person competent to prosecute such action and whose appointment is requested on behalf of those persons entitled to share in the proceeds of such action.  Such court may, in its discretion, require that such plaintiff ad litem give bond for the faithful performance of his duties.

  2.  Only one action may be brought under this section against any one defendant for the death of any one person.

--------

    6.  Allowing these persons to be added as party plaintiffs will not delay this action nor will the defendants be prejudiced thereby.  Excluding them will cause an injustice and prevent a full presentation of the evidence supporting the plaintiffs' action.

    WHEREFORE, Plaintiff respectfully moves the Court to grant leave to add the

3

aforementioned persons as party plaintiffs out of time, accept the attached First Amended Complaint for filing and for such other and further relief the Court may deem just and equitable in the premises.

Respectfully submitted,

**MCDONNELL & MCDONNELL**

/s/Bernard P. McDonnell
Bernard P. McDonnell MBE 27372
/s/Myles D. McDonnell
Myles D. McDonnell MBE 66721
231 S. Bemiston Suite 800
Clayton, MO 63105
314 721-3898
314 854-1386 (Fax)
Attorney for Plaintiffs
bpm@mcdonnellandmcdonnell.com
mdm@mcdonnellandmcdonnell.com