UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANDY DELOACH, et al., ) | |
| ) | |
| Plaintiffs, ) | No. 1:19-CV-57 RLW |
| ) | |
| v. ) | |
| ) | |
| SHERIFF TERRY STEVENS, et al., ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM AND ORDER

On this October 27, 2020, the Court entered a Memorandum and Order (ECF No. 73) granting Defendant City of Portageville, Officer Justin Redden, and Chief Ronnie Adams' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted on Counts IX and XI of Plaintiffs' First Amended Complaint (ECF No. 34) and Defendant City of Portageville, Officer Justin Redden, and Chief Ronnie Adams' Joint Motion for Summary Judgment on Counts X and XII of Plaintiffs' First Amended Complaint (ECF No. 50). The Court granted Defendants' Motion to Dismiss Counts IX and XI of Plaintiffs' First Amended Complaint because Plaintiffs do not have standing to bring a §1983 action against Defendants on behalf of Decedent. The Court granted summary judgment in favor of Defendants on Counts X and XII (wrongful death) of Plaintiffs' First Amended Complaint because Plaintiffs failed to demonstrate that Decedent would not have died but for Defendants' alleged conduct.

Plaintiffs allege similar causes of action for wrongful death and under 42 U.S.C. §1983 against Sheriff Terry Stevens, Michael Bixler, Joshua Johnson, Thomas Hunter (collectively "New Madrid County Defendants"), Sheriff Tommy Greenwell, Josh Bost, Brenda Agnew, Lance Steward and Landon Nolen (collectively, "Pemiscot County Defendants"). The parties, however, had not addressed some of the arguments raised in Defendant City of Portageville, Officer Justin

Redden, and Chief Ronnie Adams' Motions, particularly whether Plaintiffs have standing to bring an action under §1983. Therefore, on October 27, 2020, the Court ordered the parties to show cause as to why the reasoning of the Court's October 27, 2020 Memorandum and Order (ECF No. 73) should not be applied to the claims against the New Madrid County Defendants and the Pemiscot County Defendants. (ECF No. 74). In response, the New Madrid County Defendants and the Pemiscot County Defendants asked the Court to "incorporate into [their] response the Portageville Defendants reasoning that the Plaintiffs did not have standing to bring a §1983 action against the New Madrid County and Pemiscot County Defendants for the alleged wrongful death of John Deloach." (ECF No. 75).

On November 6, 2020, Plaintiffs filed their Response to the Court's Order of October 27, 2020. (ECF No. 76). Plaintiffs again argued that they "had standing to file an action for wrongful death under 42 U.S.C. §1983." (ECF No. 76 at 1 (citing 42 U.S.C. §1988)). Plaintiffs also maintained that the Decedent's cause of death was an issue of fact for the jury and the Court could not "issue a blanket dismissal of all defendants on the theory that the decedent was destined to die in any event." (ECF No 76 at 4).

The Court previously addressed both of Plaintiffs' arguments in its October 27, 2020 Memorandum and Order. (ECF No. 73). As to the §1983 claims, Plaintiffs do not have standing under the Missouri survival statute to pursue a § 1983 claim for injuries caused by the Defendants to Decedent. *See C.W. by Gray v. Walgreen Co.*, No. 4:17-CV-1488 CAS, 2018 WL 646009, at *3 (E.D. Mo. Jan. 31, 2018); *Andrews v. Neer*, 253 F.3d at 1052, 1057-58 (8th Cir. 2001) ("even if [the decedent's daughter] had been appointed as personal representative of her deceased father, she would not have standing under the Missouri survival statute to pursue a § 1983 claim for injuries [where] [t]hose injuries resulted in his death."). The Court grants Defendants' Motion for Summary Judgment because Plaintiffs do not have standing to bring a §1983 action against the New Madrid County and Pemiscot County Defendants on behalf of Decedent. As to the wrongful

Case: 1:19-cv-00057-RLW   Doc. #: 77   Filed: 11/12/20   Page: 3 of 3 PageID #: 1523

death claims, the Court holds that Plaintiffs have not met their burden to present evidence that Decedent would not have died but for the New Madrid County and Pemiscot County Defendants' alleged conduct. *See Sanders v. Ahmed*, 364 S.W.3d 195, 209 (Mo. 2012) (citing *Sundermeyer v. SSM Reg'l Health Servs.*, 271 S.W.3d 552, 554 (Mo. 2008) ("In wrongful death actions, a plaintiff must establish that 'but for' the defendant's actions or inactions, the patient would not have died."). The Court grants Defendants' Motion for Summary Judgment on Plaintiffs' wrongful death claims against the New Madrid County and Pemiscot County Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that, based upon the reasoning of the parties and based upon the reasoning of this Court's October 27, 2020 Memorandum and Order, the Motion for Summary Judgment of Sheriff Terry Stevens, Michael Bixler, Joshua Johnson, Thomas Hunter (New Madrid County Defendants), Sheriff Tommy Greenwell, Josh Bost, Brenda Agnew, Lance Steward and Landon Nolen (Pemiscot County Defendants) (ECF No. 43) is **GRANTED**.

An appropriate Judgment is filed herewith.

Dated this 12th day of November, 2020.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE